UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALESSANDRA ROXANNE VOLPE,<br>　　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>　　　　　　Defendant. | Case # 1:18-cv-1349-DB<br><br>MEMORANDUM DECISION<br>AND ORDER |

## INTRODUCTION

Plaintiff Alessandra Roxanne Volpe ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act, and her application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 14).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 9, 13. Plaintiff also filed a reply. *See* ECF No. 15. For the reasons set forth below, Plaintiff's motion (ECF No. 9) is **GRANTED**, the Commissioner's motion (ECF No. 13) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings.

## BACKGROUND

Plaintiff protectively filed her DIB and SSI applications on September 26, 2014, alleging disability beginning December 4, 2012 (the disability onset date) due to: "(1) knees; (2) GI issues; (3) anxiety; (4) depression; (5) ADD; (6) sleep apnea; (7) shoulder; (8) back; (9) migraines; (10)

asthma; and (11) allergies." Transcript ("Tr.") 173-79, 187-92, 220. Plaintiff's applications were denied initially on April 28, 2015 (96-97), after which she requested an administrative hearing (Tr. 10, 171). On August 15, 2017, Administrative Law Judge Paul Georger (the "ALJ") presided over a hearing in Buffalo, New York. Tr. 10, 38. Plaintiff appeared and testified at the hearing and was represented by Felice A. Brodsky, an attorney. *Id*. Jay Steinbrenner, an impartial vocational expert ("VE"), also appeared and testified at the hearing. *Id*.

The ALJ issued an unfavorable decision on October 3, 2017, finding that Plaintiff was not disabled. Tr. 10-23. On September 25, 2018, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## **LEGAL STANDARD**

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

2

## II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the

Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his October 3, 2017 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017;

2. The claimant has not engaged in substantial gainful activity since December 4, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*);

3. The claimant has the following severe impairments: Major depression, anxiety disorder, migraine headaches, right knee status post anterior cruciate ligament reconstruction and medial meniscus tear, cervical disc disease with disc bulges at CS-6 and C6-7, asthma. (20 CFR 404.1520(c) and 416.920(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

5. The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a),[1] except [s]he can occasionally lift, carry, push and pull 10 pounds occasionally and less than 10 pounds frequently. She can sit four hours in an eight-hour day and stand or walk for two hours in an eight-hour day. She can climb ramps and stairs frequently but never climb ladders, ropes or scaffolds. She can occasionally balance and crawl. She can stoop, kneel, and crouch frequently. She should never work at unprotected heights, around moving mechanical parts and never operate a motor vehicle. She can occasionally work in wetness and humidity. She should never work around dust, odors, fumes or pulmonary irritants and never work in extreme cold or extreme heat. She can work with vibration occasionally and in moderate noise. She can understand, remember and carry out simple routine and repetitive tasks. She is limited to

---

[1] "Sedentary work" involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

4

simple work-related decisions and she can respond appropriately to supervisors, co-workers and the public occasionally;

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965);

7. The claimant was born on June 18, 1981 and was 31 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963);

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964);

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a));

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 4, 2012, through the date of this decision (20 CFR 404.1520(1) and 416.920(1)).

Tr. at 10-23.

Accordingly, the ALJ determined that, for a period of disability and disability insurance benefits filed on September 26, 2014, the claimant is not disabled under sections 216(i) and 223(d) of the Act. Tr. 23. The ALJ also determined that, for the application for supplemental security income, filed on September 26, 2014, Plaintiff is not disabled under section 1614(a)(3)(A) of the Act. *Id*.

## **ANALYSIS**

Although Plaintiff asserts two points of error, her appeal essentially boils down to objections to the ALJ's weighing of the medical evidence, which, Plaintiff argues, resulted in "highly specific" limitations in Plaintiff's RFC that were unsupported by substantial evidence. *See* ECF No. 9-1 at 21-25. Plaintiff argues that the ALJ failed to reconcile the weights afforded to two consulting examiner opinions and failed to incorporate all the limitations in said opinions into

5

Plaintiff's RFC. More specifically, Plaintiff argues that there is no support in the record for the portion of the RFC finding that she was able to walk for two hours, stand for two hours and sit for four hours in an eight-hour workday. *Id*. at 27-29.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir.2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77. Upon review of the record, the Court finds that the ALJ discussed the evidence of record, granting appropriate weight to the opined limitations to the extent they were supported by the evidence, and discharged his duty to formulate an RFC finding that properly accounted for all of Plaintiff's credible limitations, as supported by the record except as to Plaintiff's impairment related to headaches.

With respect to the medical evidence, Plaintiff takes issue with the ALJ's assignment of great weight to the opinions of consultative physician Nikita Dave, M.D. ("Dr. Dave"), and consultative psychologist Gregory Fabiano, Ph.D. ("Dr. Fabiano"). Plaintiff was examined by Dr. Dave on July 14, 2017. Tr. 684-97. Dr. Dave opined that Plaintiff may have moderate to marked limitations for all physical exertional activity during bouts of severe headaches because they were not well controlled. Tr. 688. He also opined that Plaintiff should avoid ladders, heights, smoke, dust, fumes, inhalants, chemicals, and extremes of temperature, humidity and animals due to asthma. Tr. 688. Dr. Dave further opined that Plaintiff was able to frequently lift/carry up to ten pounds; and sit for four hours and stand and walk for two hours each in an eight-hour workday. Tr. 691.

Plaintiff was examined by Dr. Fabiano on July 22, 2017. Tr. 931-39. Dr. Fabiano opined that Plaintiff had a mild limitation in the ability to understand, remember and apply simple directions and instructions, and use reason and judgment to make work-related decisions; and, a moderate limitation in the ability to understand, remember and apply complex directions and instructions, interact adequately with supervisors, co-workers and the public, regulate emotions, control behavior, maintain well-being, sustain concentration, perform a task at a consistent pace, and sustain an ordinary routine and regular attendance at work. Tr. 934-35, 937-38. He opined that Plaintiff did not have limitations in the ability to maintain personal hygiene and appropriate attire or awareness of normal hazards and taking appropriate precautions. Dr. Fabiano added that the results of the evaluation appeared to be consistent with psychiatric problems but did not appear to be significant enough to interfere with Plaintiff's ability to function on a daily basis. Tr. 935.

Plaintiff suggests that the ALJ was obligated to incorporate the opinions from Drs. Dave and Fabiano in their entirety into the RFC. *See* ECF No. 9-1 at 27-29. Plaintiff is incorrect. The ALJ was not required to adopt every limitation of any one medical source. Rather, it was the ALJ's duty to assess all of the evidence, including the medical opinion evidence, resolve any inconsistencies, and formulate an RFC finding that reflected all of Plaintiff's credible limitations. *See Davis v. Colvin*, No. 15-CV-6695P, 2017 WL 745866, at *11 (W.D.N.Y. Feb. 27, 2017). Thus, the task of determining a claimant's RFC and ability to work is within the province of the ALJ, not of doctors.

A claimant's RFC is the most she can still do despite her limitations and is assessed based on an evaluation of all the relevant evidence in the record. *See* 20 C.F.R. §§ 404.1520(e), 404.945(a)(1), (a)(3); SSR 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996). At the hearing level, the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. § 404.1546(c); SSR 96-

5p, 61 Fed. Reg. 34,471-01 (July 2, 1996); *see also* 20 C.F.R. § 404.1527(d)(2) (stating the assessment of a claimant's RFC is reserved for the Commissioner). Thus, "the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in [his] decision," because he is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order).

Contrary to Plaintiff's argument, the record contains ample support for the portion of the RFC finding that Plaintiff was able to walk for two hours, stand for two hours and sit for four hours in total an eight-hour workday. In fact, Dr. Dave stated as much in his July 2017 opinion. Tr. 688. *See Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983) (medical opinions of consultative examining physicians can constitute substantial evidence); *Pellam v. Astrue*, 208 Fed. App'x 87, 90 (2d Cir. 2013) (same); *Petrie v. Astrue*, 412 F. 12 App'x 401, 405 (2d Cir. 2011) (same); *Lamond v. Astrue*, 440 F. App'x 17, 21-22 (2d Cir. 2011) (same). Accordingly, the ALJ's RFC finding adequately accounted for Plaintiff's functional limitations, including postural difficulties and the need to alternate positions.

However, Dr. Dave also opined that Plaintiff would have moderate to marked limitations with physical exertional activities when suffering from headaches due to the fact that her headaches are not well controlled. Tr. 688. The ALJ incorrectly stated that Dr. Dave opined Plaintiff had only mild to moderate limitations for all physical activities during bouts of headaches. Tr. 20. Because the ALJ incorrectly cited this finding in his decision, the question before the Court is whether the case should be remanded on this narrow point. The medical record establishes a long history of headache complaints by Plaintiff. *See, e.g.*, Tr. 331, 477, 704, 759, 770, 779, 788, 794, 800, 803, 889, 890, 904, 907, 910, 913, 914, 925, 926. In March 2015, Plaintiff reported severe headaches

every day for the past three months with dizziness, nausea, and blurred vision. Tr. 759. In May 2015, she reported her headaches had become "episodic," occurring one to two times per week. Tr. 910. In July 2015, she reported continued daily headaches despite treatment with medications and injections. Tr. 904. In October 2016, she reported daily headaches with migraines every two to three days. Tr. 890.

Curiously, however, for over a four-year period of treatment with Excelsior Orthopedics, Plaintiff denied headache complaints even though she was simultaneously treating at DENT Neurological Institute for her headaches. Tr. 814, 819, 823, 827, 831, 837, 845, 850. The records also reflect that Plaintiff was "chronically overusing medication including Tylenol and various NSAIDS, which has resulted in intractable daily headaches." Tr. 891. Nevertheless, since the ALJ recognized that Plaintiff's headaches were a severe impairment, and there was some evidence of frequent to daily headaches, the Court finds that, in light of Dr. Dave's assessment, the ALJ should have either addressed Dr. Dave's opinion regarding Plaintiff's headaches-associated limitations in his RFC analysis. Alternatively, he should have questioned the VE in this regard, or sought clarification from Dr. Dave as to the definition of moderate to marked limitation for physical exertional activity with respect to Plaintiff's headaches. Accordingly, this matter is remanded for the ALJ to consider whether Plaintiff's headache complaints would necessitate being off task to the extent that she could not perform substantial gainful activity.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this

opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE